UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK YUSEF LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,<br><br>        Defendants. | Case No. 16-cv-00983-VC<br><br>**ORDER RE DEFENDANTS' PARTIAL MOTION TO DISMISS; MOTION TO STRIKE**<br><br>Re: Dkt. No. 20 |

The defendants' motion to dismiss and motion to strike are granted. If Lee decides to amend his complaint in accordance with this ruling, any amended complaint is due within 21 days of this Order.

1. As to the individual defendants, Lee's Title VII race-discrimination, sex-discrimination, and retaliation claims are dismissed. The complaint appears to seek only monetary damages against the individual defendants, but "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied sub nom Miller v. La Rosa*, 510 U.S. 1109 (1994). Accordingly, dismissal is with prejudice.

2. As to the California Public Utilities Commission, Lee's Title VII sex-discrimination claim is dismissed. The complaint alleges that Lee filed a "formal charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission" in January 2014, and that he "exhausted all available administrative remedies." Compl., at ¶ 19. However, Lee's January 2014 EEOC complaint, which is subject to judicial notice, does not include any reference to sex discrimination. Therefore, Lee's allegation that he exhausted his administrative

remedies as to the sex-discrimination claim is not plausible.[1] At the hearing on the motion to dismiss, Lee stated that he could amend his complaint to allege exhaustion of his sex-discrimination claim, based on a different filing he made with the EEOC. Accordingly, dismissal is with leave to amend.

      3. The sixth cause of action in the complaint is for "retaliation." To the extent Lee asserts his claim for retaliation pursuant to Title VII, 42 U.S.C. § 2000e-3, it is addressed above.[2] The complaint also includes factual allegations that Lee's employers retaliated against him for participation in a law enforcement investigation, but does not clearly identify the basis for the claim premised on those facts. Perhaps those facts give rise to a claim under 42 U.S.C. § 1983 for interference with activity protected by the First Amendment, or perhaps they give rise to a claim under California statutory law. To the extent Lee asserts such a "whistleblower" claim, is dismissed, but dismissal is with leave to amend.

      4. Lee's claims for "willful negligence," abuse of process, and fraud are dismissed. These claims are subject to the claim presentation requirements of the California Tort Claims Act. Cal. Gov't Code §§ 905, 945.4; *see, e.g.*, *Amatrone v. Champion*, No. 15-cv-01356-JST, 2015 WL 5591614, at *8 (N.D. Cal. Sept. 23, 2015) (noting that the CTCA "provides that 'no suit for money or damages may be brought against a public entity [or employee] on a cause of action until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board'" (quoting *Musaelian v. Sonoma Cty. Sheriff's Dep't*, No. C 07-00806 SI, 2007 WL 1864342, at *2 (N.D. Cal. June 28, 2007) (alteration in original))). Lee has not alleged facts showing or excusing compliance with the claim presentation requirements. Indeed, at the hearing on the motion to dismiss, Lee admitted he has not complied with the claim presentation requirements. And since these claims are based on conduct that occurred during Lee's employment — which he alleges was terminated

---

[1] The defendants' unopposed request for judicial notice, Dkt. No. 20-1, is granted.
[2] The California Public Utilities Commission does not seek dismissal of any Title VII retaliation claim asserted against it.

in January of 2014, *see* Compl., at ¶ 1 — his opportunity to present his claims within the six-month limitations period for doing so has passed. *See* Cal. Gov't Code § 911.2 ("A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action."). Accordingly, dismissal is with prejudice.

    5. The breach of contract claim is dismissed with prejudice because in California, public employment is held by statute, not by contract. *See Miller v. California*, 557 P.2d 970, 973 (Cal. 1977).

    6. The motion to strike is granted. The complaint's references to age discrimination are irrelevant because Lee hasn't asserted a claim for age discrimination (or articulated any reason those allegations are material to the claims he does assert). Similarly, the allegation of workplace intoxication has no bearing on any of the claims asserted in this case. If Lee chooses to file an amended complaint, it should exclude reference to those matters.

    **IT IS SO ORDERED.**

Dated: June 9, 2016

_____
VINCE CHHABRIA
United States District Judge