UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK YUSEF LEE,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION,<br><br>    Defendant. | Case No.16-cv-00983-VC   (JSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>Re: Dkt. No. 130 |

Plaintiff Alik Yusef Lee filed this Title VII employment discrimination action against his former employer, the California Public Utilities Commission, nearly a year ago. Over the course of the past six months, Defendant has attempted to obtain discovery from Plaintiff regarding his claims. These efforts culminated in Defendant filing the now pending motion to compel responses to Defendant's interrogatories and request for the production of documents. (Dkt. No. 130.) The matter came before the Court for hearing on February 9, 2016. Although Defendant appeared at the hearing, Plaintiff did not. As set forth below, the Court GRANTS Defendant's motion to compel.

**DISCUSSION**

**A. Plaintiff's Discovery Responses**

On September 21, 2016, Defendant served Plaintiff with its first set of Interrogatories and Requests for the Production of Documents. (Dkt. No. 130-1 at ¶ 2; Dkt. No. 1-1 at 6-14.[1])

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Plaintiff failed to file a timely response and when Defendant followed up via email Plaintiff stated
2  that he would provide responses by November 2, 2016. (Dkt. No. 130-1 at ¶¶ 3-5; Dkt. No. 1-1 at
3  16-18.)  When the responses were not forthcoming on this date, Defendant again followed up and
4  this time Plaintiff's self-identified "proxy," Jose Ruiz, responded on Plaintiff's behalf stating that
5  Mr. Lee "placed your discovery request answers in the email" and Defendant should receive the
6  responses shortly. (Dkt. No. 130-1 at ¶ 6; Dkt. No. 1-1 at 18-21.)  Three days later, Defendant
7  sent another email stating that it had yet to receive the discovery responses and inquiring as to the
8  method of service. (Dkt. No. 130-1 at ¶ 7; Dkt. No. 1-1 at 23.)  Neither Plaintiff nor Mr. Ruiz
9  responded. (Dkt. No. 130-1 at ¶ 6.)  Four days later, Defendant again followed up. (Dkt. No.
10 130-1 at ¶ 8; Dkt. No. 1-1 at 25-27.)  The next day, Mr. Ruiz sent an email stating that Plaintiff
11 was "currently unreachable" due to a personal matter, but that he hoped to have the "situation
12 resolved around the Thanksgiving Holiday." (Dkt. No. 130-1 at ¶ 9; Dkt. No. 1-1 at 29.)

13       Plaintiff finally provided a response to the discovery requests on November 15, 2016—
14 over three weeks after their due date. (Dkt. No. 130-1 at ¶ 10; Dkt. No. 1-1 at 31.)  Plaintiff's one-
15 page response stated that he was responding to "Defendant's first set of Discovery and Document
16 Requests, pursuant to Federal Rues [sic] of Civil Procedure, Rule 34." (*Id*.)  After a preliminary
17 statement that "[d]iscovery is ongoing at this time, and the Plaintiff reserves the right to
18 supplement his answers at a later date dependant [sic] upon additional facts," Plaintiff stated "[p]er
19 the rules of the federal court, Plaintiff claims the right of refusal to answer due to the information
20 requested by the Defendant's would violate Attorney/Client Privilege and Confidential
21 Information." (*Id*.)  Defendant thereafter attempted to meet and confer with Plaintiff and was
22 again advised by Mr. Ruiz that Plaintiff was "not reachable." (Dkt. No. 130-1 at ¶¶ 11-13; Dkt.
23 No. 1-1 at 35-47.)  Defendant followed up again on December 1, 2016, and five days later, Mr.
24 Ruiz emailed Defendant stating that Plaintiff does not open mail attachments from "unknown
25 sources" and requesting that Defendant forward any documents via US Mail. (Dkt. No. 130-1 at
26 ¶ 14; Dkt. No. 1-1 at 42-44.)

27       Defendant thereafter sought and obtained permission to file this motion to compel without
28 meeting and conferring. (Dkt. No. 130.)  Plaintiff again failed to timely respond to the motion to

compel and only did so after Defendant filed a reply brief stating that the motion should be granted based on Plaintiff's failure to oppose. (Dkt. Nos. 135 & 136.)  Plaintiff's response, which was filed hours after Defendant's reply, states that Defendant's motion is without merit and attaches new responses to Defendant's first set of interrogatories.  (Dkt. No. 136.)  A few days later, Plaintiff filed an affidavit from Mr. Ruiz stating that he had provided his contact information to Defense counsel on January 10 and indicated his willingness to meet and confer, but he had not heard from them. (Dkt. No. 137.) Mr. Ruiz, however, is not an attorney and is not allowed to represent Plaintiff or negotiate on his behalf.  *See* Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active member of the State Bar.").

Plaintiff's January 20, 2017 filing provides substantive responses to Defendant's interrogatories.  (Dkt. No. 136.)    Plaintiff has, however, failed to provide any substantive response to Defendant's Requests for the Production of Documents which seek the following:

> **DOCUMENT REQUEST NO. 1:**
> All documents that constitute notes, personal journals or diaries that Plaintiff made regarding any of the alleged conduct mentioned in the First Amended Complaint in this action.
>
> **DOCUMENT REQUEST NO. 2:**
> All documents that constitute or refer to Plaintiff's efforts to obtain employment after January 24, 2014.
>
> **DOCUMENT REQUEST NO. 3:**
> Any and all documents stating or reflecting the amount of income Plaintiff earned from any source of employment (including but not limited to employment as a consultant or independent contractor) Plaintiff had since January 24, 2014.
>
> **DOCUMENT REQUEST NO. 4:**
> All documents that reflect, refer to or constitute benefits (including but not limited to any health or medical insurance, life insurance, pension or other savings plan) Plaintiff was eligible to receive from any employer he had since January 24, 2014.

(Dkt. No. 130-1 at 13.)

At the hearing Defendant represented that Plaintiff's deposition testimony indicated that he had documents which would be responsive to these requests.  Plaintiff's interrogatory responses also suggest that Plaintiff has responsive documents.  In response to Interrogatory No. 2 Plaintiff stated that he had "worked with numerous temporary agencies, used online employment services,

3

and have spoken to friends about possible employment opportunities" since his termination. (Dkt. No. 136 at 2.) Likewise, in response to Interrogatory Nos. 3 and 4 Plaintiff states that he secured employment with "Cleveland Wrecking Company (Contract), Chabot Space and Science Center (Contract), Rutherford and Chekene (Contract)."[2] (*Id.*) Further, these documents are relevant to the underlying claims.

Plaintiff is therefore ordered to respond to Defendant's request for the production of documents and **serve responsive documents by February 21, 2017**. Plaintiff is warned that his failure to produce responsive documents by this deadline could result in sanctions, including an order limiting his damages evidence at trial.

### B. Defendant's Request for Sanctions

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes various exceptions, such as where the court finds the non-moving party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust." *Id*. Here, Defendant seeks $1,320 in fees.

While the Court is reluctant to award fees given that Plaintiff is proceeding in forma pauperis and has limited financial resources, Plaintiff's flagrant disregard for the Federal Rules and dubious representations to counsel cannot be wholly overlooked. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (concluding in the context of Rule 11 sanctions that "a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. It cannot, however, decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding pro se."); *Gordon v. Cty. of Alameda*, No. 06-02997-SBA, 2007 WL 1750207, at *6 (N.D. Cal. June 15, 2007) (awarding monetary sanctions against a pro se plaintiff under Rule 37 for willful failure to cooperate in discovery). Although Plaintiff filed this lawsuit, he has consistently failed to cooperate with Defendant's discovery requests. Plaintiff

---

[2] Plaintiff's in forma pauperis application also indicated that his gross monthly salary from Chabot Space and Science Center was $3,200. (Dkt. No. 3.)

failed to timely respond to Defendant's discovery requests, belatedly asserted an improper objection to the requests, failed to respond to Defendant's efforts to meet and confer, failed to timely respond to the underlying motion to compel, and failed to appear at the hearing on this motion. Plaintiff's conduct has prejudiced Defendant's ability to obtain discovery.

Further, Plaintiff's disregard of the rules with respect to his responses to the discovery at issue here is not an isolated incident. Plaintiff only provided dates upon which he would be available to be deposed after Judge Chhabria issued an order stating that "failure to file a response [to Defendant's request for deposition dates], and failure to agree to appear promptly for his deposition, combined with all other misconduct committed by the plaintiff in this case thus far, may result in dismissal of his case for failure to prosecute." (Dkt. No. 132.) Plaintiff was also sanctioned $500 by Judge Laporte for a willful violation of the ADR local rules when he communicated confidential settlement information to third-parties. (Dkt. No. 127.) Because Plaintiff's conduct here is part of a pattern of disregard of the rules and has obstructed Defendant's ability to obtain discovery in this case, the Court orders Plaintiff to pay $500 towards Defendant's attorney's fees under Rule 37(a)(5)(A).

## CONCLUSION

Plaintiff shall serve a response to Defendant's request for the production of documents via email and mail **by February 21, 2017**. He shall also pay Defendant $500 in reasonable attorney's fees within 30 days of the date of this Order.

Going forward, Plaintiff must communicate directly with Defendant and not through Mr. Ruiz. Thus, any further communications regarding this case must come from Plaintiff and he must make himself available to Defendant as necessary.

**IT IS SO ORDERED.**

Dated: February 10, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge