UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK YUSEF LEE,<br><br>          Plaintiff,<br><br>    v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION,<br><br>          Defendant. | Case No.16-cv-00983-VC   (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO QUASH**<br><br>Re: Dkt. No. 143 |

Plaintiff Alik Yusef Lee filed this Title VII employment discrimination action against his former employer, the California Public Utilities Commission, over a year ago. Over the course of the past several months, Defendant has attempted to obtain discovery from Plaintiff regarding his claims. These efforts culminated in Defendant filing a motion to compel responses to discovery requests seeking information regarding Plaintiff's efforts to secure employment and income therefrom, which the Court granted. (Dkt. No. 140.) At the same time Defendant was seeking this discovery from Plaintiff, it also sought the discovery directly from Plaintiff's former employers through subpoenas. Over three weeks after these subpoena were issued, Plaintiff filed the now pending motion to quash the subpoenas. (Dkt. No. 143.) Plaintiff's motion to quash is DENIED as untimely.

First, Plaintiff's motion was filed three weeks after Plaintiff received notice of the subpoenas and 12 days after the date of production under the subpoenas. (Dkt. No. 148-1 at 6-23.) Federal Rule of Civil Procedure 45(d)(3) authorizes a "timely" motion to quash, but does not specify the time period for filing such a motion; however, courts generally conclude that a motion to quash must be filed before the date of compliance.[1] *See Marti v. Baires*, No. 1:08-CV-00653-

---

[1] Indeed, the delay in filing the motion has largely mooted the motion as all but one of the subpoenaed parties has already responded. (Dkt. No. 148-1 at ¶ 10.)

AWI, 2014 WL 1747018, at *2 (E.D. Cal. May 1, 2014) (collecting cases concluding that a motion to quash or modify a subpoena after the compliance date is untimely.); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D. D.C. 2002) ("In general, courts have read "timely" to mean within the time set in the subpoena for compliance.").

Second, Plaintiff's motion to quash was filed more than seven days after the discovery cut-off in violation of Civil Local Rule 37-3. Plaintiff offers no explanation for his untimely filing, and instead, argues that the information sought is personal and confidential and only sought as retaliation against Plaintiff for filing this action. Federal Rule of Civil Procedure 26(b)(1) allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"—evidence regarding Plaintiff's damages and efforts to mitigate his damages satisfies this standard. Plaintiff's motion to quash is therefore DENIED.

With respect to other outstanding discovery matters, as fact discovery has closed and Plaintiff failed to renew his motion to compel filed November 5, 2016, as the Court directed in its November 14, 2016 Order, his second motion to compel is DENIED AS MOOT. (Dkt. No. 119.) Lastly, the Court notes that Plaintiff still appears to be communicating with defense counsel through his "communication proxy" Jose Ruiz. (Dkt. No. 14-1 at 37.) Plaintiff has been warned twice that he must communicate with defense counsel directly. (Dkt. Nos. 140, 142.) Plaintiff must desist from using Mr. Ruiz—a non-attorney—as an intermediary and must communicate directly himself with defense counsel.

This Order disposes of Docket Nos. 119 and 143.

**IT IS SO ORDERED.**

Dated: March 8, 2017

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK YUSEF LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION,<br><br>    Defendant. | Case No. 16-cv-00983-VC   (JSC)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alik Yusef Lee
15998 A E14th Street
San Leandro, CA 94578

Dated: March 8, 2017

                       Susan Y. Soong
                       Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

3